UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JUAN ENRIQUE MORA-FLORES,<br><br>                Defendant. | NO. EDCR-12-002-JLQ-2<br><br>**MEMORANDUM OPINION and ORDER DENYING DEFENDANT'S "MOTION FOR SAFETY VALVE"** |

      Sentencing of the Defendant took place on Friday, October 12, 2012 in Riverside, California. The Defendant appeared in person in custody and with his court-appointed attorney, J. David Nick. The Government was represented by Stephen T. Merrill, Special Assistant United States Attorney.

      In his Sentencing Memorandum and at the sentencing hearing, the Defendant requested the court to find the Defendant was safety valve qualified. The Government contested the contention. The court determined that the Defendant had not satisfied the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

      Specifically, one of the requirements to be eligible for a less than mandatory minimum sentence pursuant to the safety valve provision is that:

> Not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5).

ORDER - 1

At sentencing, it is the Defendant's burden to show that he has "truthfully provided to the Government all information and evidence [he] has concerning the offense..." *United States v. Mejia-Pimental*, 477 F.3d 1100, 1102 (9th Cir. 2007)(internal citation omitted)("[A] defendant satisfies his 'good faith' obligation by providing the Government with truthful, complete information ...").

The Defendant did not satisfy the fifth criterion of 18 U.S.C. § 3553(f), specifically, as to his role in the offense. The Defendant was not a mere mule as he contended in his pleadings. The Defendant introduced no evidence in support of his contention. His role in negotiating the price and future deliveries belied the Defendant's contention. The contention of the Defendant was not credible or established. Because Defendant was not safety valve eligible he could not receive a sentence less than 120 months.

The Clerk shall enter this Order and furnish copies to counsel.

**DATED** this 16th day of October, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE